

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2006

# Lim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1630

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lim v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1111.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1111

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1630
_____

HWIE LIONG LIM,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
No. A96-264-329
Immigration Judge: Honorable Miriam K. Mills

_____

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2006

Before: SCIRICA, Chief Judge, and NYGAARD, Circuit Judge,
and ALARCON,* Circuit Judge.

(Filed: May 15, 2006)

_____

*Honorable Arthur L. Alarcon, Senior Circuit Judge for the Ninth Circuit Court of
Appeals, sitting by designation.

OPINION OF THE COURT

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Petitioner, Hwie Liong Lim, petitions for review of the decision of the Board of Immigration Appeals which denied his application for asylum as untimely. Petitioner filed his asylum application almost four years after he arrived in the United States. Pursuant to 8 U.S.C. § 1158(a)(2)(B), an alien must file his application for asylum within one year of his arrival in the United States. Only upon a showing of changed circumstances which materially affect the alien's eligibility for asylum or of extraordinary circumstances explaining the delay will this limitations period be extended. *See* 8 U.S.C. § 1158(a)(2)(D). Because Petitioner filed his application almost three years after the filing deadline, and there existed no reason for extending the one year limitations period, the Immigration Judge denied his application as untimely. Because the Board adopted and affirmed the Immigration Judge's opinion, we review her opinion as the opinion of the Board. *See Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005).

With respect to Petitioner's asylum application, we lack jurisdiction to review the Board's denial. *See* 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). We will therefore dismiss the petition for review of Lim's claim.

With respect to the Board's denial of withholding of removal, Petitioner did not adequately raise this issue in his opening brief, and it is waived. Although Petitioner

twice asserted in the argument section of his brief that he was eligible for withholding of removal, he provided no substantive legal argument to support his assertion. *See Voci v. Gonzales*, 409 F.3d 607, 610 n. 1 (3d Cir. 2005) (quoting *Kopec v. Tate,* 361 F.3d 772, 775 n. 5 (3d Cir. 2004) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before an appellate court."))[1]  We therefore will deny the petition for review.

---

1.	Similarly, the issue of relief under the Convention Against Torture has also been waived as Petitioner made no argument in support of it before the Board nor in his opening Brief and therefore, failed to exhaust his administrative remedies on this claim. *See* 8 U.S.C. § 1252(d)(1).